**In re Melvin Leroy TYLER, Petitioner.**

No. 96–8169.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1997.

Decided March 24, 1997.

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

Melvin Leroy Tyler, a Missouri inmate, petitions for a writ of mandamus against the district judge conducting his 42 U.S.C. § 1983 civil rights action. In his petition, Tyler seeks an order compelling the district judge to appoint counsel to assist Tyler with his lawsuit, which contends various prison officials failed to protect him from an unreasonable risk of exposure to tuberculosis. Instead of submitting the required filing fee with his mandamus petition, *see* Fed. R.App.P. 21(a), Tyler filed a motion to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. In light of the recent amendments to § 1915 by the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996), we deny Tyler's IFP request and order Tyler to pay the necessary filing fee.

The PLRA provides that a prisoner who "brings a civil action or files an appeal in forma pauperis ... shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Act does not define "civil action" for the purpose of the IFP statute, and neither excludes nor includes mandamus proceedings within its scope. Although mandamus proceedings are not easily placed into distinct categories, we believe a mandamus petition arising from an ongoing civil rights lawsuit falls within the scope of the PLRA. *See Martin v. United States,* 96 F.3d 853, 854 (7th Cir.1996) (mandamus is like an interlocutory "appeal"); *Green v. Nottingham,* 90 F.3d 415, 417–18 (10th Cir.1996) (mandamus

is part of the litigation of a case and thus included within the meaning of the term "civil action"). Indeed, allowing prisoners to circumvent the PLRA merely by labeling their pleadings as mandamus petitions would create "a loophole Congress surely did not intend in its stated goal of 'discouraging frivolous and abusive prison lawsuits.'" *Green,* 90 F.3d at 418 (quoting H.R.Rep. No. 104–378). We leave for another day, however, the issue of whether the PLRA applies to mandamus petitions when the underlying litigation is a civil habeas corpus proceeding. *See id.* at 416–18 (PLRA applies); *Madden v. Myers,* 102 F.3d 74, 77 (3d Cir.1996) (PLRA does not apply).

Although the PLRA permits certain prisoners to pay their filing fees in installments, *see* 28 U.S.C. § 1915(b)(1)–(2), Tyler is ineligible for the § 1915(b) installment plan. The PLRA explicitly revokes a prisoner's ability to use § 1915 if "on 3 or more [earlier] occasions, ... [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id.* § 1915(g). Along these lines, many of Tyler's earlier cases have been dismissed because they were frivolous or failed to state a claim. *See Tyler v. Gruner,* 65 F.3d 172 (8th Cir.1995) (unpublished opinion); *Tyler v. Ashcroft,* 998 F.2d 1019 (8th Cir.1993) (unpublished opinion); *Tyler v. Ashcroft,* 980 F.2d 735 (8th Cir.1992) (unpublished opinion). That being so, Tyler must now pay any applicable filing fee when he files a civil complaint or appeal. *See Green,* 90 F.3d at 418–20.

We thus refuse to consider the merits of Tyler's mandamus petition until his filing fee has been paid in full. If Tyler does not satisfy his financial obligation to this Court within fifteen days, our Clerk will dismiss Tyler's petition with prejudice for failure to prosecute. *See* 8th Cir.R. 3C. Even if Tyler's petition is dismissed, Tyler will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil

action or files an appeal. *See Thurman v. Gramley,* 97 F.3d 185, 187 (7th Cir.1996).