**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-31058

_____


DONALD L. WILLIAMS,

                                        Plaintiff-Appellant,


VERSUS


CATHY ROBERTS; G. SCOTT; DORA RABALAIS; JOHNNIE JOHNSON,

                                        Defendants-Appellees.



_____

Appeal from the United States District Court
For the Middle District of Louisiana
_____

July 23, 1997

**REVISED OPINION**

Before WISDOM, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:

     The opinion issued in this case under date of July 15,1997,
is withdrawn and the following is issued in place thereof.

     Pro se plaintiff, Donald Williams, an inmate at the
Louisiana State Penitentiary, Angola, Louisiana, filed this §
1983 action against Cathy Robert, Dora Rabalais, G. Scott, and
Sergeant Johnnie Jonnson.  Williams alleged that in February 1996
the defendants confiscated a photograph of a female friend clad
in "bra an [sic] panties in a suggestive pose" in violation of

his constitutional rights.  The district court dismissed his claim as frivolous.  Williams has moved for leave to proceed in forma pauperis ("IFP") in this appeal from the district court's decision.

Williams filed his Notice of Appeal after the effective date of the Prison Litigation Reform Act ("PLRA").  Section 804 of the PLRA amended 28 U.S.C. §1915 to provide, in relevant part, that "[a] prisoner seeking to . . . appeal a judgment in a civil action [IFP], in addition to filing the affidavit [of poverty], shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6- month period immediately preceding the filing of the . . . notice of appeal".[1]  The PLRA further provides that "if a prisoner . . . files an appeal [IFP], the prisoner shall be required to pay the full amount of a filing fee".[2]  Williams has filed the requisite affidavit of poverty and the necessary account statements.

Examination of the record reveals that the Notice of Appeal filed by Williams was untimely.[3]  This appeal must be dismissed

---

[1]    28 U.S.C. §1915(a)(2) (West Supp. 1997).

[2]    28 U.S.C. §1915(b)(1) (West Supp. 1997).

[3]    Williams filed a premature notice of appeal, but it will not be treated as filed after the date of the district court's order dismissing his case, because, at the time the notice of appeal was filed, the district court had not "announce[d] [its] decision or order".  *See* Fed. R. App. P. 4(a)(2);  <u>Barrett v. Atlantic Richfield Co.</u>, 95 F.d. 375, 378-79 (5th Cir. 1996).

for lack of jurisdiction.[4]  The question presented today is whether this court should assess the filing fee before examining the basis for our jurisdiction.  We hold that the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter.

*Discussion*

The PLRA amended 28 U.S.C. § 1915 to require new filing procedures and fees for prisoners proceeding IFP.  "The new fee provisions of the PLRA were designed to deter frivolous prisoner litigation in the courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees'."[5]  Section 1915(b)(1) provides that **"if a prisoner brings a civil action or *files* an appeal in forma pauperis, the prisoner *shall* be required to pay the full amount of a filing fee".**[6]

The issue in this appeal is whether the filing fee should be assessed where this court must dismiss for lack of jurisdiction. A plain reading of the statute suggests that the fee should be assessed at *filing*, regardless of whether the appeal is later dismissed.  The other circuits that have examined this issue

---

[4]  United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992).

[5]  Grimes v. Texas Dept. Of Mental Health, 102 F.3d 132, 137 (5th Cir. 1996) (citation omitted).

[6]  28 U.S.C. § 1915(b)(1) (West Supp. 1997) (emphasis added).

3

unanimously agree with this plain language approach.

In *Thurman v. Gramley*,[7] the Seventh Circuit addressed the exact issue presented in the instant case. One of the petitioners, Walker, had filed an untimely notice of appeal. The court pondered "[s]hould we simply dismiss the appeal for want of jurisdiction, or must we first assess the full filing and docketing fees against Walker?"[8] The court concluded that "[a] solvent litigant must pay the filing and docketing fees *for the privilege of initiating an appeal*; dismissal on jurisdictional grounds does not lead the court to refund the appellant's money".[9] Later in the opinion the court stated that under §  1915(b)(1) "the dispositive events are 'bringing' a civil action and 'filing' an appeal".[10]

In *In re Tyler*,[11] the Eighth Circuit refused to consider the merits of the petitioner's appeal until the prisoner paid his filing fee.[12] The court decreed that "[i]f Tyler does not satisfy his financial obligation to this court within fifteen

---

[7]   97 F.3d 185 (7th Cir. 1996).

[8]   Thurman, 97 F.3d at 187.

[9]   *Id.*

[10]   *Id.*

[11]   No. 96-8169, 1997 WL 142237 (8th Cir. March 24, 1997).

[12]   Tyler was ineligible for the installment payment provisions of § 1916(b)(1) because he had brought 3 or more frivolous appeals in the past. *See* 28 U.S.C. 1915(g).

4

days, our Clerk will dismiss Tyler's petition with prejudice for failure to prosecute. Even if Tyler's petition is dismissed, Tyler will still be assessed the full filing fee *because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.*"[13]

One Fifth Circuit case is instructive. In *Strickland v. Rankin County Correctional Facility*,[14] this Court held that "the prisoners whose appeals were pending on the effective date of the PLRA must refile to this court in conformity with the amended statute before we consider the appeals on the merits".[15] The petitioner was then given 30 days to refile for IFP certification in accordance with the PLRA. This court concluded that if she chose to refile for certification under the PLRA, this would "count as 'filing' an appeal under section 1915(b)(1) and trigger anew her responsibility to pay appellate fees".[16] This court explained that § 1915(b)(1) **"attaches fees upon the completion of a specific event, here the filing of an appeal"**.[17]

Today, we hold that the plain language of the PLRA requires

---

[13] In re Tyler, No. 96-8169, 1997 WL 142237, at *2 (8th Cir. March 24, 1997) (*citing* Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996)(emphasis added).

[14] 105 F.3d 972 (5th Cir. 1997)

[15] Id. at 974.

[16] Id.

[17] Id.

that appellate fees be assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed. Consistent with *Morgan v. Haro*[18], this case is REMANDED to the district court for consideration of William's motion to proceed IFP and the assessment of appellate fees.

---

[18]   112 F.3d 788 (5th Cir. 1997).