**Winfield COPLEY, Plaintiff,**

**v.**

**Ted HENDERSON, etc., Defendants.**

**No. 4:97CV–3296.**

United States District Court, D. Nebraska.

Nov. 6, 1997.

Winfield Copley, Pro Se.

**MEMORANDUM AND ORDER**

KOPF, District Judge.

A magistrate judge granted Mr. Copley leave to proceed in forma pauperis on September 18, 1997. (Filing 3.) Mr. Copley is subject to the fee payment provisions of the Prison Litigation Reform Act (PLRA) because he is a prisoner. *See* 28 U.S.C. § 1915(b)(2). Besides granting leave to proceed in forma pauperis, the judge ordered Mr. Copley to pay an initial partial filing fee and he ordered the institution having custody of Mr. Copley to collect the balance of the fee. (Filing 3.)

The judge further suggested in a footnote that Mr. Copley could dismiss his case without prejudice and stop the collection of funds

from his trust account. (Filing 3, at 1 n. 1.)[1] Apparently following this advice, Mr. Copley moved to dismiss his case pursuant to Fed. R.Civ.P. 41(a)(1)(i). (Filing 4.) On October 7, 1997, judgment was entered dismissing the case without prejudice. (Filing 5.)

On November 4, 1997, Mr. Copley moved to stop the collection of the partial filing fee noting that we had dismissed his case. (Filing 6.) The matter is now before me for resolution.

Once we have granted a prisoner leave to proceed in forma pauperis, the "prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The statute further requires that "the court shall assess and, when funds exist, collect" a partial filing fee for those prisoners who cannot pay the entire fee at one time. *Id.*

As I read the PLRA, nothing allows the court to stop the collection of the filing fee once we authorize a prisoner to proceed in forma pauperis. In fact, the statute directs that the "agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 *until the filing fees are paid.*" 28 U.S.C. § 1915(b)(2) (emphasis added). Thus, prisoners should understand that from the moment we allow them to proceed in forma pauperis, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases. Accordingly, I must deny Mr. Copley's motion.

Nevertheless, because of the incorrect advice given to Mr. Copley, I will construe Mr. Copley's motion as an alternative motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) and reinstate this case. After that, Mr. Copley must decide whether he wishes to pursue this case with the understanding that he owes the full filing fee even if he voluntarily dismisses it.

Accordingly,

IT IS ORDERED that:

1. The motion (filing 6), to the extent that it requests an order stopping the collection of the filing fee, is denied.

2. The motion (filing 6), construed as a Rule 60(b)(6) motion, is granted, the judgment of dismissal (filing 5) is vacated, and this case is reinstated.

3. On or before December 1, 1997, Mr. Copley shall advise the magistrate judge, by a motion filed in the court file, whether he wishes to pursue this case or whether he wishes to dismiss this case.

4. This case is referred to the magistrate judge for further proceedings consistent with this order.

1. Prior to the PLRA, the court collected filing fees from prisoners on an installment basis. As a matter of practice, the court would stop the collection of fees upon dismissal of the case. Of course, this practice was not governed by the PLRA since the Act had not yet been passed by Congress.