# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2396

_____

|  |  |  |
|---|---|---|
| Gerald Lee Miller, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Lincoln County; City of North Platte; | * | District of Nebraska. |
| Keith Richardson, Mayor, City of | * | [PUBLISHED] |
| North Platte, NE; Martin Gutschenritter, | * | |
| Police Chief, City of North Platte, NE; | * | |
| Jim Whittaker; Duane Deterding; | * | |
| Gerri Phillips; Tom Unknown; Todd | * | |
| Unknown; Unknown Lamberty, Doctor; | * | |
| Unknown Foote, Medical Clinic, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 17, 1999

Filed: March 19, 1999

_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Gerald Lee Miller appeals the dismissal of his 42 U.S.C. § 1983 complaint. The district court[1] entered the dismissal order on March 20, 1998. Miller's certificate of service shows that he deposited his notice of appeal in the prison mail system on April 20, 1998, the thirty-first day following entry of the judgment. Giving Miller the benefit of the prison mail box rule, his notice of appeal was still filed one day out of time. See Fed. R. App. P. 4(a)(1); Vogelsang v. Patterson Dental Co., 904 F.2d 427, 429 (8th Cir.1990) (holding timely notice of appeal to be mandatory and jurisdictional). Accordingly, we dismiss Miller's appeal for lack of jurisdiction.

We note, however, that dismissal of the appeal does not release Miller from the obligation to pay the appellate fee in full. We held in Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam), that an inmate's filing of a notice of appeal makes him liable for payment of the full amount of the appellate fees "regardless of the outcome of the appeal." See also In re Tyler, 110 F.3d 528, 529-30 (8th Cir.1997) (holding Prison Litigation Reform Act makes prisoners responsible for filing fees the moment the prisoner files appeal, and citing Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir.1996)); 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3970 at 9-10 and n. 23 (2d ed. Supp. 1998) ("The court of appeals is required to assess appellate fees from an i.f.p. litigant at the moment his appeal is filed, regardless of whether the appeal is dismissed.")

The district court has referred to this court Miller's request for waiver of the appellate fee or, in the alternative, reduction of his monthly installment payment to $1.00. Miller cites no authority for his request for waiver of the fee, and he does not claim that he is destitute.

When it passed the Prison Litigation Reform Act (PLRA), Congress made the

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

legislative determination that limiting the amount of filing fees paid from a prisoner's account to 20% of the previous month's income (after a $10.00 exclusion), see 28 U.S.C. § 1915(b)(2), adequately accommodated a prisoner's need for money for personal items. The legislative history suggests that Congress did not intend to favor prisoners who litigate multiple cases. Accordingly, we deny Miller's motion to waive the appellate fee or to reduce the installment payment to $1.00 per month. We leave in place the district court order granting in forma pauperis status on appeal, and we leave to the district court the collection of the installment payments of the appellate fee.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.