IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30023
Conference Calendar

_____


ROBERT W. JOHNSON,

                                        Plaintiff-Appellant,

versus

ERNEST RHODES; PATRICK B. STEWART,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-367-C-M1
--------------------
June 14, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Robert W. Johnson, La. prisoner #293212, appeals the district court's denial of his Rule 60(b) motion for relief. Johnson filed a Rule 60(b) motion following the dismissal for failure to state a claim of his 42 U.S.C. § 1983 action. Johnson contends that he is entitled to a refund of a portion of his filing fee because the district court should have construed his 42 U.S.C. § 1983 petition as a habeas corpus petition.

    Johnson is not entitled to relief because the obligation of a filing fee attaches at the time of filing and the obligation

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

remains despite the disposition of the case.  See Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997).  Further, the district court properly dismissed Johnson's § 1983 claim because a § 1983 action may not be used to challenge the legality of a conviction.  See Heck v. Humphrey, 512 U.S. 477, 489-90 (1994).  Since the underlying claim for a refund is without merit and the district court correctly dismissed the claim, Johnson cannot demonstrate any of the factors entitling him to relief from the judgment. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).  Accordingly, the district court did not abuse its discretion in denying Johnson's Rule 60(b) motion.  See id. Johnson's appeal is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

Johnson is warned that the dismissals of his claim by the district court for failure to state a claim and of his appeal by this court as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996)("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").  We caution Johnson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.  SANCTIONS WARNING ISSUED.