Anthony E. JACKSON, Plaintiff,

v.

**N.P. DODGE REALTY COMPANY, Supervisor Matt Lnuk, Sam Lnuk, and Manager Kelly Fagan, Defendants.**

No. 4:01CV3130.

United States District Court,
D. Nebraska.

Nov. 7, 2001.

Antony E. Jackson, Lincoln, NE, pro se.

## MEMORANDUM AND ORDER

KOPF, District Judge.

On June 5, 2001, Magistrate Judge Jaudzemis, pursuant to 28 U.S.C. § 1915(b), entered a prisoner payment order (filing 3) which allowed the plaintiff to pay the $150 filing fee in this matter on an installment basis. The plaintiff was directed to remit an initial partial filing fee of

$15.27 by June 27, 2001. When the plaintiff failed to comply with this payment order, Magistrate Judge Jaudzemis recommended that the action be dismissed without prejudice (filing 4). I adopted the recommendation and entered a judgment of dismissal on September 6, 2001. The judgment specified that the plaintiff remains liable for the payment of the full filing fee (filing 7).

The plaintiff mailed an objection to the court on September 17, 2001, which Magistrate Judge Jaudzemis directed the clerk to file and forward to me for ruling (filings 8, 9). In such filing, the plaintiff takes the position that because he did not pay the initial partial filing fee of $15.27, the Nebraska Department of Correctional Services is not authorized to collect monthly installment payments from his trust account. The record reflects that the court has received payments totaling $48.97 from the Department, as follows: $6.00 on August 3, 2001; $19.28 on September 19, 2001; and $23.69 on October 5, 2001. The plaintiff requests that this money either be refunded to his trust account or else credited against the initial partial filing fee to reinstate the action.

Because I conclude that the Nebraska Department of Correctional Services has correctly interpreted the prisoner payment order, and is required to collect and forward monthly payments to the court until the $150 filing fee is paid in full, the plaintiff's request for a refund will be denied. The plaintiff's alternative request to reinstate the action, which I construe as a motion to alter or amend the judgment, filed pursuant to Fed.R.Civ.P. 59(e), will also be denied.

▮▮▮ The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir.1997). Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, "the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997)).

The PLRA's amendments to 28 U.S.C.A. § 1915 require prisoners who wish to proceed IFP to meet certain requirements imposed by the statute. A prisoner seeking IFP status must file an affidavit showing his assets and attesting to his impoverishment, and submit a certified copy of his account statement for the six-month period preceding the filing of the complaint or notice of appeal. 28 U.S.C.A. § 1915(a)(1) & (2). Even though seeking IFP status, the prisoner is required to pay the full amount of the fee. The court assesses and, when funds exist, collects as partial payment of the court fees required by law, an initial partial filing fee of 20% of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6 month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C.A. § 1915(b)(1). However, the statute provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C.A. § 1915(b)(4).

After paying the initial filing fee, the prisoner must make monthly payments equal to 20% of the preceding month's income credited to his prison account. 28 U.S.C.A. § 1915(b)(2). So long as the prisoner's account exceeds $10, prison officials are given authority to take the 20 percent. These payments are sent to the clerk of the court. The payments

are deducted from the accounts until the full filing fee has been paid.

*Murray v. Dosal,* 150 F.3d 814, 816–17 (8th Cir.1998) (footnote omitted), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1467, 143 L.Ed.2d 551 (1999).

The Act does not specify how an initial partial filing fee assessed under 28 U.S.C. § 1915(b)(1) is to be collected. For appellate filing fees,[1] the Eighth Circuit has instructed district courts to order prison officials to collect the calculated amount from the prisoner's institutional trust account. *See Henderson,* 129 F.3d at 484 ("The calculation of the initial partial appellate filing fee occurs upon the availability of the certification of a prisoner-appellant's prison account and leads to an order to prison officials to deduct the initial partial appellate fee and the later installment payments from a prisoner-appellant's account.").[2] Our court, however, has not adopted this particular procedure for collection of the district court filing fee.[3] Instead, we make the prisoner personally responsible for remitting the initial partial payment by a date certain, and advise the prisoner that the action will be subject to dismissal if such payment is not made. Collection of the balance of the filing fee is accomplished as provided in 28 U.S.C. § 1915(b)(2), and the penal institution is directed to send monthly payments to the court.[4]

---

1. "Appellate filing fees" include a $5 filing fee as required by 28 U.S.C. § 1915 and a $100 docketing fee as required by the Judicial Conference of the United States. *See Henderson,* 129 F.3d at 483 n. 3.

2. The Court of Appeals has established the following specific procedures:

(1) When the district court notifies the prisoner litigant in a civil action of its judgment, the court shall notify the prisoner that: (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full $105 appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

(2) When a district court receives a prisoner's notice of appeal in a prisoner's civil action, it shall assess the $105 appellate filing fees and process the appeal in ordinary course.

(3) When the district court receives the certified copy of the prisoner's prison account, it shall: (a) calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply. In such event the whole of the appellate filing fees shall be paid pursuant to the installment payment provisions of § 1915(b)(2); (b) notify the prison officials to pay the initial appellate partial fee from the prisoner's account to the clerk of the district court and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2); and (c) send a copy of the collection order to the prisoner.

(4) If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the notice of appeal, it shall calculate the initial appellate partial filing fee at $35 or such other reasonable amount warranted by available information and proceed as in paragraph 3, above.

(5) Upon a prisoner's showing of good cause for delay in providing a certified copy of the prison account, the district court may extend the time for providing the copy. *Henderson,* 129 F.3d at 484–85.

3. By "district court filing fee," I mean the $150 fee for filing a civil action that is prescribed by 28 U.S.C. § 1914(a).

4. General Order 97–10, which was approved by the district judges of this court and filed on

The prisoner payment order that was entered in this case (filing 3) follows a standardized format that has been developed by the magistrate judges. It states in pertinent part:

> 3. Plaintiff is given until **on or before June 27, 2001,** to pay an initial partial filing fee of **$15.27** to the Clerk of the Court. Partial payments of the $15.27 initial fee shall not be accepted. In the absence of such payment, this matter will be subject to dismissal. If the plaintiff fails to pay the initial partial filing fee within five days of the deadline set forth above, the Clerk of the Court shall forward the file to the undersigned magistrate judge.
>
> 4. **After payment of the initial partial filing fee,** the plaintiff's institution shall collect twenty (20) percent of each deposit made to the plaintiff's account, as described above.[5] Thereafter, the amount collected from each deposit shall be held in escrow by the institution for payment to the Court. The institution shall clearly indicate the amount collected from each plaintiff to each case subject to a payment order by this Court. **On or before the tenth day of each month,** the institution shall forward to the Court the amount collected from the plaintiff's deposits during the preceding month, but only if at any time during the preceding month the plaintiff's account balance exceeded $10. If the plaintiff's account balance did not exceed $10 at any time during the preceding month, then the institution shall return the amount collected to the plaintiff's account. The institution shall continue to collect such amounts until the entire amount of the $150 filing fee has been collected (with a deduction for the amount of the initial partial filing fee paid separately by the plaintiff).

(Emphasis in original.)

The prisoner payment order indicates that the institution is responsible for col-

---

February 18, 1998, delegates to the magistrate judges the responsibility for entering appropriate prisoner payment orders. The general order does not specify how the initial partial filing fee is to be collected, but it does provide for continued collection of partial payments from the prisoner's account until the fee is paid in full. Paragraph 11 of the order states, in part:

> Until fully paid, and despite dismissal of the case after leave to proceed in forma pauperis has been granted, the court shall collect and continue to collect the filing fee required by 28 U.S.C. § 1915(b) from all persons who are prisoners as defined by 28 U.S.C. § 1915A(c) at the time of the filing of the complaint or petition and for whom leave to proceed in forma pauperis has been granted....
>
> If a case is dismissed before the full filing fee has been paid but after leave to proceed in forma pauperis has been granted, the Clerk shall continue to collect, and the applicable institution shall continue to pay, partial payments until the filing fee has been paid in full. At the time of dismissal of a case, the court shall also enter judgment against the in forma pauperis applicant or applicants jointly and severally in favor of the United States for the full amount of the unpaid filing fee unless such fees have been taxed as costs to an adverse party.

The practice of entering judgment in favor of the United States for the full amount of the unpaid filing fee, as described in the last sentence of paragraph 11 of General Order 97–10, was disapproved of by the Eighth Circuit in *Roberts v. Ahmed,* (Table), 2001 WL 403073, (8th Cir. Apr. 23, 2001) (No. 01–1582). Since that decision we have simply stated in the judgment, as was done in this case, that: "To the extent that the filing fee remains unpaid, the plaintiff remains liable for payment of the full filing fee. *See* 28 U.S.C. § 1915(b)(1)."

5. The order earlier defines a "deposit" to mean "all gifts, wages, or other income credited to plaintiff's account, with the exception of credits for institutional activities or canteen refunds, less court-ordered child support, restitution, or other funds subject to a court order or judgment."

lecting 20% of the prisoner's income "[a]fter payment of the initial partial filing fee." The quoted language is derived from § 1915(b)(2), which states:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Read literally, this statutory language would not require the prisoner to make monthly payments if for any reason he did not pay the initial partial filing fee. This, however, clearly is not what Congress intended, since it has mandated that a prisoner who is granted IFP status "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Congress has also directed that the amount assessed by the court for an initial partial filing fee shall be collected "when funds exist." *Id.*

■ In *Copley v. Henderson*, 980 F.Supp. 322 (D.Neb.1997), the magistrate judge suggested in a footnote to the prisoner payment order that the plaintiff could avoid payment of the district court filing fee by voluntarily dismissing his complaint. This advice, which was consistent with the pre-PLRA practices of this court, apparently was acted upon by the plaintiff, as he moved for dismissal prior to the deadline that was established by the magistrate judge for payment of the initial partial filing fee. The motion was granted, and the case was dismissed without prejudice.

Subsequent thereto, the plaintiff filed a motion to require the prison to stop collecting partial fee payments from his trust account. Concluding that the magistrate judge had provided incorrect advice to the plaintiff, I denied the motion but vacated the judgment of dismissal and reinstated the case. I stated as my reasons for denying the motion that:

> As I read the PLRA, nothing allows the court to stop the collection of the filing fee once we authorize a prisoner to proceed in forma pauperis. In fact, the statute directs that the "agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 *until the filing fees are paid.*" 28 U.S.C. § 1915(b)(2) (emphasis added). "Thus, prisoners should understand that from the moment we allow them to proceed in forma pauperis, they owe the United States of America the full filing fee, and this is true even if they voluntarily dismiss their cases."

*Id.,* at 323. I adhere to this decision today, and expand the statement of the rule to include involuntary dismissals.[6]

Involuntary dismissals of prisoner IFP complaints for nonpayment of the initial partial filing fee would be unlikely to occur if the plaintiff's institution automatically paid the fee from the prisoner's trust account. In such case, the prison officials would immediately be required to forward all available funds in the inmate's trust account, up to the assessed amount of the initial partial filing fee. If the amount of available funds is less than the amount of the initial partial filing fee, 100% of the

---

**6.** My statement in *Copley* that the filing fee is owed from the moment that the court grants the prisoner leave to proceed IFP may be inconsistent with the Eighth Circuit's pronouncement in *In re Tyler, supra,* that a prisoner is responsible for the filing fee the moment he brings a civil action, regardless of whether he is permitted to proceed in forma pauperis. Under the operating procedures of our court, however, an unpaid prisoner complaint is not filed until IFP status is granted. Whether this procedure complies with *In re Tyler* is an issue that I leave for another day.

inmate's future income credits would remain subject to collection of the initial fee. This is because it is only "after payment of the initial partial filing fee" that the 20% and $10 limitations of § 1915(b)(2) become applicable. *See McGore,* 114 F.3d at 606 (noting that "[t]his process will prevent the problem of inmates keeping only minimum balances in their prison accounts to avoid paying any portion of their filing fee.").

Suppose, though, that the prisoner did not have an existing trust account balance or any deposits during the preceding six-month period, such that no initial partial filing fee could be collected under § 1915(b)(1). In such case, it might be argued that no payments could be collected by the institution under § 1915(b)(2), because such installment payments are not required until "after payment of the initial partial filing fee." The Sixth Circuit noted this potential problem with the statutory language in *McGore,* 114 F.3d at 606, and concluded that "[d]espite the lack of an initial partial filing fee, the prisoner is still obligated to pay the full filing fee when money does become available. Thus, in circumstances where the mathematical formula of § 1915(b)(1) produces a result of zero, the ten-dollar/twenty-percent rule of § 1915(b)(2) applies to all funds deposited after the § 1915(b)(1) assessment is made." The Fifth Circuit has also concluded that the actual payment of an initial partial filing fee is not a condition prece-

dent to the requirement that the prisoner make monthly payments. *See Hatchet v. Nettles,* 201 F.3d 651, 653 (5th Cir.2000) (adopting *McGore* rationale).[7] The Eighth Circuit has interpreted the statute in the same manner. *See Henderson,* 129 F.3d at 483–84 ("[T]he provisions of § 1915(b)(4) permit a prisoner to appeal if the prisoner has no assets and no means to pay the initial partial appellate filing fee. In such case, the whole of the appellate filing fees are to be collected and paid by the installment method contained in § 1915(b)(2).").

These cases demonstrate that the statutory "after payment" language rests on an unstated assumption that an initial partial filing fee will be assessed by the court. Our prisoner payment order, which incorporates such language, similarly *assumes* that the initial partial filing fee will be paid in full by the date specified, and that the institution thereafter will begin collecting 20% of the inmate's income and sending it to the court, subject to the monthly $10 minimum account balance requirement. Magistrate Judge Jaudzemis undoubtedly intended the order to mean that the institution shall collect the monthly payments from deposits that are made to the prisoner's account after the scheduled date for payment of the initial partial filing fee. This, in fact, is what the clerk's docket entry for the prisoner payment order in this case provided.[8] Based on the

---

7. The Fifth and Sixth Circuits have each established procedures for district courts to follow in handling prisoner IFP applications. Both circuits have instructed their courts to order the custodial institutions to pay the initial partial filing fee from the prisoner's trust account, as well as making the monthly payments. While there is a certain logic to this approach, it does not appear to be required by the PLRA.

8. The docket entry, which was prepared in accordance with the clerk's operating procedures for pro se cases, reads as follows:

6/5/01  3 PRISONER PAYMENT ORDER by Magistrate Judge Kathleen A. Jaudzemis (PS) pursuant to General Order 97–10 paragraph 14 Clerk shall place this case on the Lincoln docket; granting motion to proceed IFP [2–1] subject to plf paying the initial partial filing fee of $15.27 due by 6/27/01 to the clerk or be subj to dism; subsequent payments to be paid by the institution from plf's account on the 10th day of each month after 6/27/01 until the $150.00 filing fee is paid in full or this court directs the institution to cease such collections; directing clerk to serve a copy of this order upon the

monthly payments that have been received, the Nebraska Department of Correctional Services evidently had the same understanding. To eliminate any possible uncertainty, however, I will again order the Department to continue collecting the monthly payment amounts until the $150 filing fee is completely paid (*i.e.*, with no deduction for the unpaid initial partial filing fee). Any ambiguity in the prisoner payment order will thereby be eliminated.

If the plaintiff thought that he would deprive the court of its ability to collect the filing fee from his trust account by defaulting in making the initial payment of $15.27, he miscalculated. The court did not waive collection of the filing fee by erroneously assuming that the plaintiff would comply with its order. The resulting ambiguity in the order is limited to the directive that was issued to the Nebraska Department of Corrections regarding its fee-collection duties, and it does not appear to be confused by the order. The ambiguity thus does not inure to the plaintiff's benefit, nor can he justly claim to have been misled by the prisoner payment order.

The plaintiff was on constructive notice that he owed the filing fee the moment the court allowed him to proceed in forma pauperis. *See Copley, supra.* Pursuant to the court's internal operating procedures, the plaintiff consented by filing an application to proceed in forma pauperis "to payment by the institution of any required filing fee." General Order No. 97–10 ¶ 10. The plaintiff was also told directly in the prisoner payment order that his failure to pay the initial partial filing fee could result

in the dismissal of his action, but that he nonetheless would remain liable for payment of the entire $150 fee.

The plaintiff did not appeal the prisoner payment order or inform the court that he was unable to pay $15.27 on or before June 27, 2001.[9] Similarly, although he was provided the opportunity, the plaintiff did not file an objection to the Magistrate Judge's report and recommendation that the action be dismissed for nonpayment of the required fee. While the plaintiff now expresses a willingness to proceed with the action if he cannot obtain a refund of the monthly fee payments, it is too late. The plaintiff ignored a lawful order of the court, and as a consequence his lawsuit has been dismissed without prejudice. I consider this to be an appropriate sanction for non-prosecution of the action, and also consistent with the purposes of the PLRA. *See, e.g., In re Tyler,* 110 F.3d at 529 (prisoner filing petition for writ of mandamus who was ineligible for IFP status because of PLRA's "three strikes" provision, 28 U.S.C. § 1915(g), was ordered by the Eighth Circuit to pay the required filing fee within 15 days or else the petition would be dismissed with prejudice for failure to prosecute). The plaintiff's request to set aside the judgment therefore will be denied.

The plaintiff also has recently filed a notice of appeal, a request for a certificate of appealability, and a motion to proceed in forma pauperis on appeal (filing 12). Considering that my last memorandum and order did not contain the *Henderson* advi-

---

appropriate officer at plf's institution-COPIES MAILED as directed (cjb) [Entry date 06/07/01]

9. The PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C.

§ 1915(b)(4). Thus, if a prisoner demonstrates to the court that he is unable to pay the assessed fee at the time it is due, the action will be allowed to proceed and the initial partial filing fee will be collected "when funds exist." 28 U.S.C. § 1915(b)(1). As stated above, the plaintiff in this case has made no such showing.

sories, I will allow the plaintiff an opportunity to reconsider whether he wants to file an appeal. Because I have treated the plaintiff's "objection" to the judgment as a Rule 59(e) motion, his appeal deadline is not until 30 days from today's date. *See* Fed. R.App. P. 4(a)(4)(A)(iv). Accordingly, I will allow the plaintiff 30 days in which either to (1) file a notice of withdrawal of the appeal or else (2) submit a certified copy of his prison account for the last six months. If the plaintiff does not file a notice of withdrawal of the appeal within 30 days, the court will then consider his application to proceed IFP and request for a certificate of appealability (filing 12).[10] If the plaintiff wishes to proceed with his appeal, he may also file a notice to that effect prior to the expiration of the 30–day period.

If the plaintiff does not withdraw his appeal within 30 days, he will be liable for payment of the full $105 appellate filing fees regardless of the outcome of the appeal, and he will have consented to the deduction of the initial partial appellate filing fee and the remaining installments from his trust account by prison officials. If the appeal is not withdrawn and if the plaintiff fails to file the prison account information within 30 days, the court will assess an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the plaintiff's finances.

Accordingly,

IT IS ORDERED that:

1.  Plaintiff's motion for a refund of partial filing fees (filing 9) is denied;

2.  Plaintiff's motion to alter or amend judgment (filing 9) is denied;

3.  Plaintiff's institution shall continue to collect partial filing fees from the plaintiff's account, and remit the same to the court, until the entire amount of the $150 filing fee has been collected and paid (without any deduction for the amount of the unpaid initial partial filing fee);

4.  The clerk of the court shall serve a copy of this order upon the appropriate officer at the plaintiff's institution;

5.  Within thirty (30) days of today's date, the plaintiff shall either:

    a.  file a notice of withdrawal of his appeal (filing 12); or

    b.  submit to the clerk of the court a certified copy of his prison account for the last six months;

6.  If the plaintiff files a notice of withdrawal of his appeal within 30 days, he will not be liable for payment of the $105 appellate filing fees, but will remain liable for payment of the $150 district court filing fee;

7.  If the plaintiff does not withdraw his appeal within 30 days, he will be liable for payment of the full $105 appellate filing fees regardless of the outcome of the appeal, and he will have consented to the deduction of the initial partial appellate filing fee and the remaining installments from his trust account by prison officials;

8.  If the appeal is not withdrawn and if the plaintiff fails to file the prison account information within 30 days, the court will assess an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the plaintiff's finances; and

9.  Plaintiff's application to proceed in forma pauperis on appeal and request for a certificate of appealability (filing 12) shall be held in abeyance for a period of 30 days unless the plaintiff

---

**10.** Prisoner IFP appeals are subject to "good faith" certification requirements under 28 U.S.C. § 1915(a)(3) and Fed. R.App. P. 24(a). *See Henderson,* 129 F.3d at 485.

sooner files notice of his intention to proceed with the appeal.