IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20659
Summary Calendar

CRISTOBAL M OROZCO

Plaintiff-Appellant

v.

ABBAS KHOSHDEL, Medical Physician

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-783

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Cristobal M. Orozco, Texas prisoner # 831994, appeals the district court's dismissal of his motion, which he styled as a FED. R. CIV. P. 60(b) motion, challenging the district court's grant of leave to proceed in forma pauperis (IFP) in his appeal of the dismissal of his 42 U.S.C. § 1983 complaint.

In 2006, Orozco filed a pro se civil rights complaint against prison physician Abbas Khoshdel. The district court dismissed the complaint as frivolous and for failure to state a claim upon which relief could be granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Orozco filed a notice of appeal concerning the dismissal of his complaint and moved for leave to proceed IFP on appeal. The district court granted Orozco's IFP motion and, pursuant to the Prison Litigation Reform Act of 1996 (PLRA), required Orozco to pay the $455 appellate filing fee in installments. This court dismissed Orozco's appeal for lack of jurisdiction because Orozco had not timely filed his notice of appeal.

Orozco subsequently filed a purported Rule 60(b) motion challenging the district court's grant of IFP. In his motion, Orozco requested the return of the $455 appellate filing fee and argued that the district court should have known at the time that he filed his IFP motion that this court lacked jurisdiction over his appeal because his notice of appeal had not been timely filed. The district court denied the motion, and Orozco filed a timely notice of appeal of the district court's order.

Orozco's brief does not adequately address the basis for the district court's denial of his motion. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, Orozco has abandoned any challenge to the district court's dismissal of his motion. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). In any event, Orozco is not entitled to a refund of the $455 appellate filing fee simply because his appeal was dismissed for failure to timely file a notice of appeal. See Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997); see also Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996), overruled on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) ("A solvent litigant [proceeding IFP on appeal] must pay the filing and docketing fees for the privilege of initiating an appeal; dismissal on jurisdictional grounds [for failure to timely file a notice of appeal] does not lead the court to refund the appellant's money."). To the extent that Orozco raises arguments related to his previously dismissed appeal, we are without jurisdiction to consider them. See Pryor v. United States Postal Serv., 769 F.2d 281, 288 (5th Cir. 1985). Accordingly, the district court's judgment is AFFIRMED.