# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3800

_____

| | | |
|---|---|---|
| David Williams, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Greg Harmon, Warden, East Arkansas | * | |
| Regional Unit, ADC; Ray Hobbs, | * | |
| Deputy Director, Arkansas Department | * | [UNPUBLISHED] |
| of Corrections; Larry Norris, Director, | * | |
| Arkansas Department of Corrections; | * | |
| Wendy Kelly, Deputy Director, | * | |
| Arkansas Department of Corrections; | * | |
| John Moss, ADC #79311, Assistant | * | |
| Warden, Arkansas Department of | * | |
| Corrections; Tiffanye Compton, | * | |
| Grievance Supervisor, Arkansas | * | |
| Department of Corrections; Randy | * | |
| Watson, Assistant Warden, Arkansas | * | |
| Department of Corrections; Steve | * | |
| Outlaw, Assistant Warden, East | * | |
| Arkansas Regional Unit, ADC; A. | * | |
| Weekly, Assistant Warden, East | * | |
| Arkansas Regional Unit, ADC; Maurice | * | |
| Williams, Major, East Arkansas | * | |
| Regional Unit, ADC; Moses Jackson, | * | |
| Captain, East Arkansas Regional Unit, | * | |
| ADC; Lathen Ester, Lt., East | * | |
| Arkansas Regional Unit, ADC; Evans, | * | |
| Lt., East Arkansas Regional Unit, ADC; | * | |
| Henry Pluckett, Law Library | * | |
| Supervisor, East Arkansas Regional | * | |

Unit, ADC; Thompson, Ms.; Jackson,    *
Mr., Max Law Library, East Arkansas    *
Regional Unit, ADC; Jamison, Sgt.,    *
East Arkansas Regional Unit, ADC;    *
Kathy Stewart, Sgt., East Arkansas    *
Regional Unit, ADC; Foreman, Sgt.,    *
East Arkansas Regional Unit, ADC;    *
S. DeCoursey, Sgt., East Arkansas    *
Regional Unit, ADC; Parker, Mr., Sgt.,    *
East Arkansas Regional Unit, ADC;    *
Faron Clemmons, Sgt., East Arkansas    *
Regional Unit, ADC; Ivory, Sgt., East    *
Arkansas Regional Unit, ADC;    *
Franklin, Sgt., East Arkansas Regional    *
Unit, ADC; Westbrook, Ms., Sgt., East    *
Arkansas Regional Unit, ADC; D.    *
Maney, Sgt., East Arkansas Regional    *
Unit, ADC; Brenda Perry, Grievance,    *
Correctional Officer, East Arkansas    *
Regional Unit, ADC; Essie Clay,    *
Disciplinary Hearing Officer, East    *
Arkansas Regional Unit, ADC; James    *
Gibson, Disciplinary Hearing    *
Administrator, Internal Affairs    *
Administrator, ADC; Green, Ms.,    *
Commissary Officer, East Arkansas    *
Regional Unit, ADC; Wilson, Ms.    *
Commissary Officer, East Arkansas    *
Regional Unit, ADC; R. MacCallister,    *
Mailroom Officer, East Arkansas    *
Regional Unit, ADC; Michaels, Ms.,    *
Correctional Officer, East Arkansas    *
Regional Unit, ADC; McDowell,    *
Correctional Officer, East Arkansas    *
Regional Unit, ADC; Cleaster Dean,    *
Correctional Officer, East Arkansas    *
Regional Unit, ADC; A.M. Norton,    *
Correctional Officer, East Arkansas    *

Regional Unit, ADC; Hubbard,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Butler,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Lang,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Jones,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Brewer,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Hoskins,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Doyle,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Lewis,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Graham,      *
Correctional Officer, East Arkansas      *
Regional Unit, ADC; Grant Harris,      *
Warden, Varner Unit, ADC; James      *
Barnett, Sgt., Varner Unit, ADC;      *
Scott Horner, Correctional Officer,      *
Varner Unit, ADC; Kim Luckett,      *
Assistant Warden, Varner Unit, ADC,      *
     *
           Appellees.      *

———————

Submitted: September 18, 2008
Filed: September 24, 2008

———————

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

-3-

Arkansas inmate David Williams appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action. We grant IFP status and leave the fee collection to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). We conclude that the district court did not err in dismissing Williams's rambling forty-one page complaint with its attached 303 exhibits for failure to comply with Federal Rule of Civil Procedure 8, especially because the complaint was dismissed without prejudice and Williams was directed to refile the complaint as separate actions containing related claims. See 8th Cir. R. 47A(a). However, we amend the dismissal order in two respects. First, the court was not authorized under the Prison Litigation Reform Act to direct prison officials not to collect the filing fee for the instant complaint. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (under Prison Litigation Reform Act, prisoners are responsible for filing fees moment civil action is filed). Second, we conclude that a dismissal without prejudice for failure to comply with Federal Rule of Civil Procedure 8 does not constitute a strike under the clear language of the statute, see 28 U.S.C. § 1915(g).[1]

_____

[1]Neither the magistrate judge nor the district court discussed whether Williams had exhausted administrative remedies or found that Williams did not exhaust, but in a footnote both the magistrate and the district court cited authority related to the exhaustion requirement, seeming to suggest that the failure to exhaust was a basis for dismissal and for assessing a strike. We note that the district court could not sua sponte dismiss on that basis. See Jones v. Bock, 549 U.S. 199, 211-17 (2003) (administrative exhaustion is affirmative defense); see also Owens v. Isaac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (dismissal without prejudice for failure to exhaust administrative remedies is not a strike).