# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10527
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2018

Lyle W. Cayce
Clerk

JOHN MITCHELL RUTOSKEY,

Petitioner-Appellant

v.

D. J. HARMON, Warden; FEDERAL BUREAU OF PRISONS; JEFFERSON
B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondents-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-655

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

John Mitchell Rutoskey, federal prisoner # 10560-014, moves for leave to proceed in forma pauperis (IFP) in his appeal from the dismissal of his 28 U.S.C. § 2241 petition, in which he challenged his conviction for conspiracy to commit healthcare fraud, and from the dismissal of his postjudgment motion for reconsideration. A movant seeking leave to proceed IFP on appeal must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrate that he is a pauper and that he will raise a nonfrivolous issue on appeal. *See* 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

In support of his IFP motion, Rutoskey reiterates the same argument he made in his § 2241 petition, specifically that the remedy afforded by 28 U.S.C. § 2255 is an inadequate or ineffective vehicle for him to bring his constitutional claims challenging his conviction because there had been inordinate delays in the handling of his § 2255 motion. The savings clause under § 2255 allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." § 2255(e). A § 2241 petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Rutoskey has not met the burden of showing that the § 2255 remedy is an inadequate or ineffective vehicle for his constitutional challenges to his conviction. Therefore, the district court did not err in dismissing his § 2241 petition for lack of jurisdiction. *See* § 2255(e). There is no arguable legal merit to Rutoskey's argument that the denial of his § 2241 petition is invalid because the district court adopted a report issued by a magistrate judge who was unconstitutionally appointed. Finally, Rutoskey is statutorily obligated to pay the appellate filing fee in this case regardless of the outcome of his case. *See* 28 U.S.C. § 1915(b)(1); *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

No. 17-10527

Accordingly, Rutoskey's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *see also* 5TH CIR. R. 42.2.