Ernest R. PERRY, Appellant,

v.

G. A. RALSTON, Jr., Warden, United States Medical Center for Federal Prisoners, Appellee.

No. 80-1814.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 19, 1980.
Decided Dec. 29, 1980.

Ronald S. Reed, Jr., U. S. Atty., Michael A. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee.

Ernest R. Perry, pro se, appellant.

Before LAY, Chief Judge, GIBSON, Senior Circuit Judge, and HEANEY, Circuit Judge.

LAY, Chief Judge.

Ernest R. Perry has appealed the order of the district court denying him a writ of habeas corpus seeking to enjoin his transfer from the United States Medical Center for Federal Prisoners at Springfield, Missouri, to the Federal Correctional Institution at Oxford, Wisconsin. He filed a timely notice of appeal on January 17, 1980, from the order of the district court which not only dismissed his petition for a writ of habeas corpus but also denied him leave to proceed in forma pauperis on the ground that his appeal was frivolous and not taken in good faith. Thereafter Perry sought leave to appeal in forma pauperis from this court and on June 18, 1980, we ordered that leave to appeal in forma pauperis be denied on the ground that the appeal was not taken in good faith and was otherwise frivolous. Perry thereafter tendered a filing fee to docket this appeal.

Under 28 U.S.C. § 1915 "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Additionally, a court may dismiss any case if the court is satisfied

that the action is frivolous or malicious. F.R.A.P. Rule 24 provides that if a district court refuses to allow an appeal in forma pauperis because it is not taken in good faith, a party may seek leave to appeal from the court of appeals within 30 days after service of notice of the action of the district court. F.R.A.P. Rule 3 directs that the failure of an appellant to take any step other than timely filing of the notice of appeal cannot affect the validity of the appeal but is grounds for whatever action the court of appeals deems appropriate, which may include dismissal of the appeal.

■ In light of the statute and the above rules we conclude that when a petition for leave to file in forma pauperis is denied on the ground that the appeal is frivolous and a notice of appeal has been filed, the appeal should be docketed and that this court should then dismiss the appeal and set forth the reasons for dismissal. It is a fundamental constitutional principle that an indigent enjoys the same rights and entitlements to appeal his case as does a "paid" litigant. *Coppedge v. United States*, 369 U.S. 438, 446–47, 82 S.Ct. 917, 921–22, 8 L.Ed.2d 21 (1962); *Johnson v. United States*, 352 U.S. 565, 566, 77 S.Ct. 550, 551, 1 L.Ed.2d 593 (1957). *Cf. United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). Section 1915 cannot be construed as allowing indigents only discretionary review in federal courts of appeals while a right of appellate review is recognized for those who can afford to pay the full docket fee. *Coppedge v. United States*, 369 U.S. at 441–42, 82 S.Ct. at 918–19. A constitutional construction of section 1915 must be that every litigant is entitled to file a notice of appeal but every litigant is subject to a summary dismissal if it can be shown his appeal is frivolous on its face.

As stated in *Coppedge v. United States* : If it were the practice of a Court of Appeals to screen the paid appeals on its docket for frivolity, without hearing oral argument, reviewing a record of the trial

proceedings or considering full briefs, paupers could, of course, be bound by the same rules. But, if the practice of the Court of Appeals is to defer rulings on motions to dismiss paid appeals until the court has had the benefit of hearing argument and considering briefs and an adequate record, we hold it must no less accord the poor person the same procedural rights.

*Id.* at 448, 82 S.Ct. at 922.

■ The authoritative cases governing the right of an indigent to appeal have centered around criminal appeals. *Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Ellis v. United States*, 356 U.S. 674 (1958); *Farley v. United States*, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957).[1] However, the right of indigents to appeal in civil cases such as section 1983, section 2255 and title VII cases is covered by section 1915 as well. It is clear that a court of appeals cannot constitutionally proceed by summary disposition of in forma pauperis civil appeals when the same summary procedures are not made applicable to paid litigants. The difficulty arises because although we can dismiss a paid appeal as frivolous, we in fact have no procedure to screen "paid" cases before the briefing stage and therefore all paid cases generally come before us with a complete record and plenary briefing. Under our rules these cases may be thereafter screened and dismissed without oral argument as frivolous.

■ To assure that all appellants receive an equal opportunity to address the merits of any appeal, we deem it essential that where a litigant seeks leave to appeal in forma pauperis under section 1915 after being denied a certificate of good faith in the district court, that the petitioner be allowed a reasonable time to set forth by memorandum or affidavit the grounds upon which he feels he has substantial issues to present on appeal. The petitioner would be

---

1. This court, as most courts of appeals, has obviated the problem in criminal cases by granting leave to appeal in forma pauperis and appointing counsel. Frivolous cases are screened out after plenary briefing and the filing of the transcript and record.

well advised to address these grounds upon his application for a certificate of good faith, but if he has not done so, this court should give him a reasonable time to do so. Thereafter, this court should ascertain from the record whether or not the appeal should be dismissed as frivolous. At times it may be additionally necessary to order a transcript at government expense so the court can make this determination.[2] If the court is satisfied there is a colorable issue for appeal, it should grant leave for the petitioner to appeal in forma pauperis under section 1915 and have the case set down for plenary briefing. If the court, however, is satisfied that the issues raised on appeal are not substantial on their face and there is clearly no merit to the appeal, this court will then deny leave to appeal in forma pauperis and briefly set forth the reasons why the appeal should be dismissed as frivolous.

In the present case petitioner, after paying the docket fee, has fully addressed the issues by brief. In light of the above discussion this court now directs that the petitioner's docket fee tendered to this court shall be returned to him and the order entered denying petitioner the right to appeal in forma pauperis be supplemented by ordering nunc pro tunc that the appeal be dismissed as frivolous for the following reasons.

Perry, who has diabetes and asthma, claimed he could not receive proper medical treatment if transferred from Springfield, Missouri, to Oxford, Wisconsin. The district court dismissed Perry's petition pursuant to a recommendation made after a magistrate held a plenary hearing. Thereafter, on November 8, 1979, the district court approved Perry's transfer to Oxford, which was accomplished. Perry filed this appeal while at Oxford. Perry's objection to the transfer to Oxford is based on his alleged need for medical care and a milder climate. He feared that having to go outdoors to work during the winter months would adversely affect his health. On June 13, 1980, Perry was transferred to the United States Penitentiary at Leavenworth. According to the affidavit of the warden at Oxford, Perry was transferred to Leavenworth at the recommendation of his unit team, because of his age and the availability of 24 hour medical care at Leavenworth and because Leavenworth is enclosed.

Perry's pro se brief urges that he should be moved to a dry climate and be confined and treated at a medical facility. The government has moved to dismiss his appeal as moot since he is no longer at Oxford or the medical center in Springfield. Regardless of whether Perry's objections to his transfer to Oxford have been mooted by the subsequent transfer to Leavenworth, Perry could obtain no relief on this appeal because we find the transfer was a proper exercise of discretion by the Bureau of Prisons. *See Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Although petitioner is entitled to medical care pursuant to 18 U.S.C. § 4042, the record shows he has received adequate medical care and that his attending physicians at Springfield testified he could be properly cared for at Oxford. Simply because petitioner disagrees with the medical care given does not provide a basis for the grant of the writ.

In the present case the petitioner has filed his brief; in future cases, if the petitioner has not filed reasons why this court should grant his motion for leave to proceed in forma pauperis, the court should give petitioner an opportunity to address the merits of the appeal by allowing petitioner at least 15 days to set forth why his appeal should not be dismissed as frivolous.

Under the circumstances, we dismiss the appeal as frivolous.

---

**2.** *See Coppedge v. United States*, 369 U.S. 438, 446, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1961); *Johnson v. United States*, 352 U.S. 565, 566, 77 S.Ct. 550, 551, 1 L.Ed.2d 593 (1956).