# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1813

_____

Harold Henderson,                              *
                                               *
          Appellant,                           *
                                               *
     v.                                        *     Appeal from the United States
                                               *     District Court for the
Larry Norris, Director, Arkansas               *     Eastern District of Arkansas.
Department of Correction; David                *
Guntharp, Assistant Director,                  *          [Published]
Arkansas Department of Correction,             *
                                               *
          Appellees.                           *

_____

Submitted: August 5, 1997

                          Filed:   November 19, 1997

_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____


PER CURIAM.

Arkansas prisoner Harold Henderson appeals from the district court's[1] summary dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Henderson sued the director and assistant director of the Arkansas Department of Correction, alleging due process violations in the defendants' (1) failure to timely and properly process unspecified grievances and (2) failure to allow Henderson to participate in establishing a grievance policy. Upon preliminary review, the district court dismissed the complaint without prejudice and certified any appeal would not be in good faith. The district court clerk and the clerk of this court notified Henderson of the fee requirements under the Prison Litigation Reform Act of 1995 (PLRA).[2] Henderson persisted in his appeal, arguing his notice of appeal was timely but ignoring the fee requirements. We require Henderson to pay appellate fees in accord with 28 U.S.C. § 1915, as amended by the PLRA, determine the procedure to be used to assess, calculate, and collect the fees he owes, and summarily affirm the district court.

**I**

We have stated that the PLRA "makes prisoners responsible for their filing fees the moment the prisoner . . . files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). The Sixth Circuit has held that

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

[2]Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996) (codified at 28 U.S.C.A. § 1915 (West Supp. 1997)).

"[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan."  See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).   Thus, prisoners who appeal judgments in civil

cases must sooner or later pay the appellate filing fees in full.[3] <u>Newlin v. Helman</u>, 123 F.3d 429, 432 (7th Cir. 1997). However, the provisions of § 1915(b)(4) permit a prisoner to appeal if the prisoner has no assets and no means to pay the initial partial appellate filing fee. In such a case, the whole of the appellate filing fees are to be collected and paid by the installment method contained in § 1915(b)(2).

The <u>McGore</u> court reasoned that the introductory clauses of subsections (a)(1) and (b)(1) of § 1915 excluded the good faith certification provision of subsection (a)(3) from the prisoner appeal process. <u>See id.</u> at 610-11. On the other hand, the Fifth Circuit in <u>Baugh v. Taylor</u>, 117 F.3d 197, 199 (1997), reconciled the coexistence of subsections (a)(1), (b)(1), and (a)(3) by using Federal Rule of Appellate Procedure 24(a) and its thirty-year history of implementation. <u>Id.</u> at 201; <u>accord</u> <u>Newlin</u>, 123 F.3d at 432. Our own history of the implementation of Federal Rule of Appellate Procedure 24(a), <u>see</u> <u>Perry v. Ralston</u>, 635 F.2d 740 (8th Cir. 1980), puts us more in line with the <u>Baugh v. Taylor</u> court than with the <u>McGore</u> court. Consequently, we hold that civil action prisoner-appellants who have been denied the right to proceed on appeal in forma pauperis by the district court because the district court has certified under § 1915(a)(3) that the appeal would not be taken in good faith, may still, by separate motion filed with this court pursuant to Federal Rule of Appellate

---

[3]A $5 filing fee is required by 28 U.S.C. § 1915 and a $100 docketing fee is required by the Judicial Conference of the United States. We refer to the total $105 as "appellate filing fees" in this opinion.

Procedure 24(a), seek to proceed in this court under the provisions of § 1915.  We further hold that the filing of such a motion with this court triggers the prisoner-appellant's responsibility to pay the full amount of the appellate filing fees pursuant to the installment payment provisions of § 1915(b), see Baugh at 202, unless the appellant must pay the full amount up front in cash because he has acquired the requisite "three strikes" under § 1915(g).

In implementing the PLRA, we believe it useful to distinguish the "assessment," "calculation," and "collection" of appellate filing fees. As indicated above, the assessment of appellate filing fees occurs upon the filing of a notice of appeal or the filing of a motion to proceed in forma pauperis with this court pursuant to Federal Rule of Appellate Procedure 24(a), and fixes responsibility for payment sooner or later of the fees in full. The calculation of the initial partial appellate filing fee occurs upon the availability of the certification of a prisoner-appellant's prison account and leads to an order to prison officials to deduct the initial partial appellate fee and installment payments from a prisoner-appellant's account. The collection of the initial payment and the later installment payments (the latter to be calculated and remitted by prison officials pursuant to § 1915(b)(2)) occurs over whatever time is needed for the payment of the assessed fees. The calculation and collection steps do not delay the court's resolution of the merits of the appeal. Once appellate filing fees are assessed, the court may proceed as appropriate to consider the particular case, for example, to dismiss the appeal as frivolous or malicious under § 1915(e)(2)(B)(i), to summarily dispose of the appeal in accord with the pleadings and district court record, or to order briefing, argument, and full submission. Irrespective of the court's approach to the merits of the appeal, the prisoner's liability for the full payment of the appellate filing fees under the PLRA continues until full payment has been made which may be long after we have disposed of the appeal.

With regard to this case, and to implement the

congressional intent of requiring prisoner-appellants to pay appellate filing fees in full, we establish the following procedures:

(1) When the district court notifies the prisoner litigant in a civil action of its judgment, the court shall notify the prisoner that: (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full $105 appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining

installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

(2) When a district court receives a prisoner's notice of appeal in a prisoner's civil action, it shall assess the $105 appellate filing fees and process the appeal in ordinary course.

(3) When the district court receives the certified copy of the prisoner's prison account, it shall: (a) calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply. In such event the whole of the appellate filing fees shall be paid pursuant to the installment payment provisions of § 1915(b)(2); (b) notify the prison officials to pay the initial appellate partial fee from the prisoner's account to the clerk of the district court and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2); and (c) send a copy of the collection order to the prisoner.

(4) If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the notice of appeal, it shall calculate the

-8-

initial appellate partial filing fee at $35 or such other reasonable amount warranted by available information and proceed as in paragraph 3, above.

(5)  Upon a prisoner's showing of good cause for delay in providing a certified copy of the prison account, the district court may extend the time for providing the copy.

District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to Federal Rule of Appellate Procedure 24(a), "state in writing the reasons for the denial." Such a denial remains reviewable under the appellate motion practice provided for in Federal Rule of Appellate Procedure 24(a), but, as we have indicated, the filing of such a motion by a prisoner-appellant results in the immediate assessment of the full appellate filing fees under § 1915(b).

In this case — processed before our establishment of procedures — we assess Henderson's appellate filing fees at $105 and notify him that he has 30 days to submit to the district court a certified copy of his prison account for the six months immediately before the filing of his appeal. We leave it to the district court to calculate Henderson's initial partial appellate filing fee and to order collection of that fee and the remaining installments from him in accord with § 1915 and the procedures outlined above.

## II

We now consider Henderson's appeal. We agree with Henderson that his notice of appeal was timely under Federal Rule of Appellate Procedure 4(c) (notice is filed when deposited in institution's internal mail system). Upon our review of the district court record, however, we

affirm the judgment of the district court under Eighth Circuit Rule 47A(a), conclude that Henderson's appeal is frivolous,[4] and notify him that the dispositions of both his complaint and his appeal are "strikes" under § 1915(g). <u>Newlin</u>, 123 F.3d at 433.

---

[4]We are mindful that the affirmance of a district court's dismissal of a complaint as frivolous does not automatically make the appeal frivolous.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring and dissenting.

I concur in so much of the court's opinion as holds that a prisoner in a civil action may file a motion to proceed under § 1915 despite the fact that the district court has certified that the appeal is not taken in good faith, and that the filing of such a motion triggers the prisoner's duty to pay the filing fees, subject to certain exceptions. With respect, however, I cannot locate in any statute or common-law principle the authority that the court evidently asserts to promulgate rules for the district courts in cases like the present one, or, indeed, in any other kind of case. The court engages not in adjudication, but in rule-making, and rule-making, moreover, of a kind for which the court does not even purport to find a warrant. I therefore respectfully dissent from the portion of the court's judgment that derives from the part of its opinion regulating the district court's handling of cases under the PLRA.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.