# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1803

_____

William Bradford,

        Appellant,

v.

Missouri Department of Corrections,
Division of Offender Rehabilitation
Services and Missouri Sexual Offender
Program; Division of Probation and
Parole; Larry Slater; James Labundy;
Jonathan Rosenboom; Dora Schriro;
Cranston Mitchell; Fannie Gaw; Bob
Newsome; James Mitchell; Jandra
Garter,

        Appellees.

Appeal from the United States
District Court for the Eastern
District of Missouri.

**[UNPUBLISHED]**

_____

Submitted: September 12, 2002
Filed: September 17, 2002

_____

Before BOWMAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate William Bradford appeals the district court's pre-service dismissal of his 42 U.S.C. § 1983 action. He also seeks to proceed in forma pauperis (IFP) on appeal.

Bradford claimed in his complaint that state entities and officials were violating his Fifth Amendment right against self-incrimination. He alleged that while he was a participant in the Missouri Sex Offender Program (MoSOP), MoSOP personnel demanded that he disclose potentially incriminating instances of past sexual and criminal conduct or suffer termination from MoSOP, extension of his conditional release date, referral for indefinite civil commitment as a sexually violent predator, and denial of parole eligibility, contact with his children, and reduction of his custody level; when he invoked his Fifth Amendment privilege, defendants began carrying out these threats. Bradford sought damages and equitable relief, including reinstatement in MoSOP, an order directing that he not be required to disclose his past sexual and criminal history (or alternatively, immunity from the use of such disclosures in legal proceedings), a lower custody level, and an injunction prohibiting defendants from referring him to the predator program or interfering with his ability to visit with his children.

The district court dismissed the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) and denied Bradford's subsequent Federal Rule of Civil Procedure 59(e) motion, on the basis that Bradford had not stated a Fifth Amendment violation, and, in any case, defendants were entitled to qualified immunity. The court then denied Bradford's request to proceed IFP on appeal.

We grant Bradford IFP status, leaving to the district court the details of calculating the initial partial appellate filing fee and the collection of the balance. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we also remand the action to the district court. We note that qualified immunity does not shield officials from equitable relief. See Grantham v. Trickey, 21 F.3d 289, 295 (8th Cir. 1994). Further, we believe Bradford has raised potentially significant constitutional issues that should be reconsidered in light of the Supreme Court's recent plurality decision in McKune v. Lile, 122 S. Ct. 2017, 2023, 2026-27 (2002)

(where prisoner who refused on Fifth Amendment grounds to participate in sexual offender program faced transfer to maximum-security unit, as well as reduced access to privileges such as canteen expenditures, personal television, visitation, and work opportunities, consequences were not so severe as to amount to compelled self-incrimination; noting consequences were not punitive, and did not extend term of incarceration or affect eligibility for good-time credits or parole). Accordingly, we remand the case to the district court for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.