# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2913

_____

| | | |
|---|---|---|
| Sylvester Dudley, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Max J. Mobley, Dr., Deputy Director, | * | |
| Arkansas Department of Correction; | * | [UNPUBLISHED] |
| Greg Harmon, Warden, Tucker | * | |
| Maximum Security Unit; Ron Mellen, | * | |
| Dr., Mental Health Doctor, Tucker | * | |
| Maximum Security Unit; State of | * | |
| Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 6, 2002

Filed:  December 3, 2002

_____

Before HANSEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and MELLOY,
Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Sylvester Dudley brought a 42 U.S.C. § 1983 action claiming,
inter alia, that defendant prison officials subjected him to cruel and unusual
punishment by denying him behavioral and mental health rehabilitation.  He asserted

that he had been confined in "the hole" for over a year for behavior he cannot control, and that he had suffered hallucinations, devious thoughts, and fear. The district court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Mr. Dudley appeals. We grant his request to proceed in forma pauperis, leaving the fee-collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

Having carefully reviewed the record, we agree with the district court that Mr. Dudley did not state a due process claim with respect to his prison classification or his segregated confinement. We believe, however, that Mr. Dudley alleged sufficient facts to state a claim for deliberate indifference to his serious medical needs. See Sandin v. Conner, 515 U.S. 472, 487-88 n.11 (1995) (beyond due process, prisoners retain Eighth Amendment protections from arbitrary state action); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (failure to supply medical care can constitute Eighth Amendment violation); Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) (states have constitutional duty to provide necessary psychological care to inmates). Accordingly, we reverse the judgment in part and remand for further proceedings on this claim. See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.