# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2785

_____

George Brown, Jr.,            *
                              *
            Appellant,        *
                              *   Appeal from the United States
      v.                      *   District Court for the Western
                              *   District of Missouri.
Gary Kempker,                 *
                              *         [UNPUBLISHED]
            Appellee.         *

_____

Submitted: November 4, 2002

Filed: December 24, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
      Judges.

_____

PER CURIAM.

Missouri inmate George Brown, Jr., appeals the district court's pre-service dismissal of his 42 U.S.C. § 1983 lawsuit. Mr. Brown also moves for in forma pauperis (IFP) status on appeal. The district court found that Mr. Brown's appeal was not taken in good faith but ordered deductions from his prisoner account to pay the appellate filing fee in installments; thus, we deny Mr. Brown's motion as moot. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam) (Fed. R. App. P. 24(a)(5) motion to proceed IFP on appeal triggers appellant's responsibility to pay full appellate filing fee by installment method).

Mr. Brown alleged that Gary Kempker, Director of the Missouri Department of Corrections (MDOC), was deducting from his institutional offender account all of his monthly income for outstanding state debts and, contrary to MDOC policy, was not leaving him a balance of at least $7.50. He claimed that this practice was cruel and unusual punishment, that it violated the Equal Protection Clause, and that the deductions were being made in retaliation for his filing lawsuits.

Having carefully reviewed the record, we conclude dismissal of Mr. Brown's equal protection and Eighth Amendment claims was proper. Mr. Brown did not allege that he belongs to a suspect class, or that any other inmate owed as much in state court costs (for which prisoner account deductions were authorized). Thus, he failed to state an equal protection claim. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (to proceed with equal protection claim, plaintiff who is not member of suspect class must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"). Mr. Brown also failed to state an Eighth Amendment claim: although he asserted that he was unable to purchase "necessities," he did not allege that prison officials had denied any request from him for those necessities. Cf. Scott v. Carpenter, 24 Fed. App. 645, 648 (8th Cir. 2001) (unpublished per curiam) (prisoners can be expected to bear some responsibility for their own hygiene, and officials did not deprive disabled prisoner of his basic needs where he rarely requested showers or warm water for sponge baths).

We believe that Mr. Brown sufficiently stated a retaliation claim, however, and that this claim warrants remand for service of process. Accordingly, we affirm in part and remand for further proceedings on the retaliation claim. See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.