# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

_____

No. 06-3007

_____

Frank R. Owens,                                    *
                                                   *
              Appellant,                           *
                                                   *
       v.                                          *
                                                   *
Verlyn Isaac; Jean Even; C/O Phillip;              *
Mike Bickford; William Soupene,                    *
                                                   *
              Appellees.                           *


_____

No. 07-1056

_____

Frank R. Owens,                                    *   [PUBLISHED]
                                                   *
              Appellant,                           *
                                                   *
       v.                                          *
                                                   *
Kevin Hagemann; Marilee S.                         *
Giegerich; K. Clark; Steven Wendl;                 *
Jake Noonan; Curtis Mayo; Stephen                  *
Salviati; William Soupene; Tyrone                  *
Bontrager; Raymond Turano; Samuel                  *
Fierro; Scott Collins; Jean Even; Larry            *
J. Theilen; Lt. Paulson; Lt. Pasker;               *
C/O Neiers; Harry Brown; Jean Hall;                *
David Walderbach; Randy                            *
Oldenburger; Tom Luensman; Dan                     *

Appeals from the United States
District Court for the
Northern District of Iowa.

Dietiker; Steve Lynch; Michael
Bickford; Dr. Durga; Jerry Connolly;
William Rindy; C/O Baker; Kathy
Condon,

          Appellees.

_____

Submitted:  May 30, 2007
Filed:  June 6, 2007

_____

Before WOLLMAN, RILEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In the 42 U.S.C. § 1983 action underlying appeal No. 06-3007, Iowa inmate Frank R. Owens sought to proceed in forma pauperis (IFP).  He filed several motions to amend, along with proposed amendments that added claims and allegations against additional prison-employee defendants.  The district court granted leave to amend, but denied IFP status under 28 U.S.C. § 1915(g) and dismissed the complaint, concluding that Owens had three "strikes," and that his allegations did not qualify under section 1915(g)'s imminent-danger exception.  The district court identified as "strikes" two of Owens's previously dismissed cases, and counted as a third strike this court's summary affirmance of the second dismissal.

After the first lawsuit was dismissed and the dismissal was appealed, Owens filed the section 1983 complaint and amended complaint underlying appeal No. 07-1056, again seeking to proceed IFP.  He named many of the same defendants, and made many of the same claims and allegations as in his previous lawsuit.  His new allegations primarily focused on his claim that he was in imminent danger of serious physical injury, but the new allegations also arose from those he had made in his

previous lawsuit. Shortly after filing his lawsuit, Owens notified the court he had been transferred to another prison. The district court denied IFP status, relying on its determination in the first lawsuit that Owens was three-strikes barred. The court further found that Owens did not qualify under section 1915(g)'s imminent-danger exception, noting that one of his alleged concerns about his safety was moot, given his transfer to another prison.

The three-strikes determination is relevant to both appeals, and thus we grant Owens's motion to consolidate the appeals. We have reviewed docket sheets and orders in the cases the district court listed as strikes in the first case. *See Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005) (reviewing de novo district court's interpretation and application of § 1915(g)). The first case was dismissed without prejudice for failure to exhaust administrative remedies; such a dismissal is not a strike under section 1915(g). *See Newingham v. Westbrook*, 140 Fed. Appx. 634 (8th Cir. 2005) (unpublished per curiam); *see also Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999). The dismissal of the second case as frivolous under 28 U.S.C. § 1915A(b) counted as a strike, but this court's summary affirmance under Eighth Circuit Rule 47A(a) did not. *See* 28 U.S.C. § 1915(g) (describing a strike as "an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim"); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996) (only dismissal of appeal as frivolous counts as strike, whereas affirmance of dismissal for frivolousness does not); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F. 3d 775, 780 (10th Cir. 1999) (same). Because we find that Owens has only one strike, we grant his motion for leave to proceed IFP in both appeals, leaving fee-collection details to the district court, *see Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). Neither case was subject to dismissal under section 1915(g).

We note that, in a footnote in the case underlying appeal No. 06-3007, the district court also expressed the view that Owens's amended complaint was subject

-3-

to dismissal under 28 U.S.C. § 1915A, because it was frivolous or malicious or failed to state a claim. Reading the original complaint and amendments together as we believe Owens intended, we disagree. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (liberally construing original complaint, after observing that amended complaint standing alone failed to state a claim but that plaintiff clearly intended to have both complaints read together). At least some of Owens's allegations appear to state claims against some defendants. *See, e.g., Cody v. Weber*, 256 F.3d 765, 771 (8th Cir. 2001) (conduct undertaken in retaliation for inmate's exercise of constitutionally protected right is actionable, even if conduct would have been proper if motivated by different reason); *Powells v. Minnehaha, County Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (inmate stated constitutional claim by alleging officers opened his legal mail when he was not present).

While in the lawsuit underlying appeal No. 07-1056 Owens raised new claims about being placed in danger, it appears he did so in order to qualify under section 1915(g)'s imminent-danger exception for purposes of pursuing the claims he raised in the first lawsuit. We thus recommend that, on remand, the district court consolidate the two lawsuits. Given Owens's transfer to another prison, we agree with the district court's implicit finding that his requests for injunctive relief arising from any conditions-of-confinement claims are now moot. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (claim for injunctive relief to improve prison conditions was moot when inmate was transferred and no longer subject to those conditions).

Accordingly, we reverse both dismissals and remand for further proceedings. We deny Owens's motion for a status hearing (No. 06-3007), and his motions setting forth further information for the court to consider (No. 07-1056).

_____