# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1863

_____

LaToyin Davis,                          *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
     v.                                 *   District Court for the
                                        *   Eastern District of Arkansas.
Greg Harmon, Warden, East Arkansas      *
Regional Unit, ADC; Richard Clark,      *        [UNPUBLISHED]
Dr., East Arkansas Regional Unit,       *
ADC; Correctional Medical Services,     *
Inc.,                                   *
                                        *
            Appellees.                  *

_____

Submitted: August 16, 2010
Filed: August 19, 2010

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Inmate LaToyin Davis appeals the adverse grant of summary judgment entered by the District Court in this 42 U.S.C. § 1983 action. We grant Davis's motion for leave to appeal in forma pauperis and leave fee collection to the District Court. See Henderson v. Norris, 129 F.3d 481, 484–85 (8th Cir. 1997) (per curiam). Having carefully reviewed the record, Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir 2008) (standard of review), we find that the District Court erred in addressing the

merits of Davis's complaint. The defendants raised as an affirmative defense the fact that Davis failed to exhaust his administrative remedies and there was undisputed evidence that Davis did not appeal the denial of the two grievances he filed at the Eastern Arkansas Regional Unit concerning the matters at issue here. Dismissal without prejudice was therefore mandatory. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); see also Jones v. Bock, 549 U.S. 199, 211–24 (2007) (noting that where failure to exhaust is pleaded as affirmative defense, unexhausted claims are subject to dismissal under 42 U.S.C. § 1997e(a); a prison's requirements define the boundaries of proper exhaustion); Lyon v. Vande Krol, 305 F.3d 806, 807–09 (8th Cir. 2002) (en banc) (dismissing for lack of administrative exhaustion even though trial had already been held on merits).

Accordingly, we affirm the dismissal, but we amend it to be without prejudice for failure to exhaust administrative remedies.

_____