# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2289

_____

Timothy Schofield

*Plaintiff - Appellant*

v.

Roy Hopkins, Missouri Department of Corrections, General Manager (MUE
Laundry), Moberly Correctional Center, Official and Individual Capacity

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: September 13, 2012
Filed: October 19, 2012
[Unpublished]

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Timothy Schofield, a Missouri prisoner, appeals the district court's dismissal
of his 42 U.S.C. § 1983 failure-to-protect action. We grant Schofield leave to appeal
in forma pauperis (IFP), and we reverse and remand for further proceedings.

Schofield submitted an IFP application and a complaint naming Roy Hopkins, general manager of the Moberly Correctional Center laundry facility. He stated that he would add two more defendants when he learned their full names: a correctional officer with the last name of Ferguson and a laundry supervisor with the first name of Chris. According to the complaint, in the last week of August 2011, inmate Christopher Eaton lost his job in the laundry, and threatened to kill Schofield, who Eaton thought was responsible for his termination. On August 30, Schofield and "Supervisor Chris" reported the threat to Hopkins. On September 5, Officer Ferguson allowed Eaton into the laundry area where Schofield was working, even though Eaton was unauthorized to enter. Eaton attacked Schofield, beat him, and poured chemicals in his mouth. Schofield alleged that Hopkins and Chris "disregarded prior information of a substantial risk of serious harm" to Schofield, and that Ferguson failed to check the identities of all inmates entering the laundry area as required by prison policy. Schofield sought damages.

The district court granted IFP status and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B), reasoning that a single incident of violence could not support a section 1983 failure-to-protect claim, the complaint sounded in negligence, and Schofield failed to allege facts showing the requisite subjective intent. Schofield appealed, and after the district court denied him leave to appeal IFP, he renewed his IFP application in this court.

We grant IFP status, see Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997) (per curiam), and we review the dismissal de novo, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review). To state a failure-to-protect claim, Schofield was required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. See Farmer v. Brennan, 511 U.S. 825, 836-38, 844 (1994).

Assault by a fellow inmate constitutes "serious harm." Jensen v. Clarke, 94 F.3d 1191, 1198 (8th Cir. 1996).

Liberally construing the complaint to name Ferguson and Chris, we agree with the district court that Schofield did not state a section 1983 claim against either. He did not allege that Ferguson had actual knowledge of Eaton's threat, and the complaint does not permit an inference of any such knowledge. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (well-pleaded facts must permit court to infer more than mere possibility of misconduct). Ferguson acted negligently at most, which is not actionable under section 1983. See Newman v. Holmes, 122 F.3d 650, 653 (8th Cir. 1997). The facts show that Chris knew of the threat, but he took reasonable steps to abate it by going with Schofield to report the threat to Hopkins. See Norman v. Schuetzle, 585 F.3d 1097, 1107 (8th Cir. 2009) (no failure-to-protect violation where prison official with knowledge of threats against inmate informed supervisor and noted threats in logbook); Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996) (duty to protect inmates from attacks requires only that prison officials take reasonable measures to abate substantial risks of serious harm of which they are aware).

As to Hopkins, however, the threat was reported to him as manager of the laundry, and the complaint allegations can and should be liberally construed to support an inference that Hopkins was actually aware that Eaton posed a threat of serious harm to Schofield, yet he did nothing to protect Schofield. We disagree with the district court that a single incident of violence cannot support a failure-to-protect claim. See Young v. Selk, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked). At this early pleading stage, the complaint alleged sufficient factual matter against Hopkins, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Accordingly, we reverse the district court's order dismissing the complaint, and we remand for further proceedings consistent with this opinion.

_____