# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1430

_____

Michael Burns

*Plaintiff - Appellant*

v.

Jerry Morgan, Correctional Officer, Individually; Unknown Kennedy,
Correctional Officer, Individually

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: June 18, 2015
Filed: July 7, 2015
[Unpublished]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Missouri prisoner Michael Burns appeals after
the district court dismissed his pro se amended complaint. Also before this court is
Burns's motion for leave to appeal in forma pauperis.

To begin, we grant Burns's motion for leave to appeal in forma pauperis. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). As to the merits of Burns's appeal, we note that his original complaint substantially, if not fully, complied with Federal Rule of Civil Procedure 8. However, the district court, pursuant to a local rule, ordered Burns to file an amended complaint using a court-provided complaint form, describing his original complaint as "defective" merely because it was not written on a court-provided form. After he complied with the court's order, the court dismissed the action preservice, pursuant to 28 U.S.C. § 1915(e)(2)(B), based on a technicality triggered by an inadvertent omission, which arguably was caused in part by the incompleteness of the court-provided form. By contrast, the omitted statement had been clearly and repeatedly set forth in the original complaint. Under these circumstances, we conclude that the district court abused its discretion in handling the complaint-amendment process. See Fed. R. Civ. P. 1 (rules should be construed and administered to secure just, speedy, and inexpensive determination of every action and proceeding), 83(a)(2) (local rule imposing requirement of form must not be enforced in way that causes party to lose right because of non-willful failure to comply); see also Nw. Bank & Tr. Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003) (district court's application of its local rules reviewed for abuse of discretion); cf. Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014) (per curiam) (noting Fed. R. Civ. P. 8(a)(2) indicates that basic objective of rules is to avoid civil cases turning on technicalities); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (liberally construing original complaint, after observing that amended complaint standing alone failed to state claim but that plaintiff referenced original complaint in amended complaint and clearly intended to have both complaints read together).

Accordingly, we vacate the dismissal and remand the case. The district court is instructed either to reinstate the original complaint, or to permit Burns to file a

second amended complaint.  <u>See</u> Fed. R. Civ. P. 15(a)(2) (court should freely give leave to amend pleading when justice so requires).

_____